**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CHRISTINE THOMAS, on behalf of herself and all
others similarly situated,                                           Case No. _____

      Plaintiff,

v.                                                                                **CLASS ACTION COMPLAINT**
MSS BEAUTY, INC. d/b/a YISE BEAUTY,                     **& DEMAND FOR JURY TRIAL**
      Defendant,

---

      Plaintiff CHRISTINE THOMAS, individually and on behalf of all others similarly situated, by and through her undersigned counsel, brings this action against MSS BEAUTY, INC. d/b/a YISE BEAUTY ("MSS Beauty" or "Defendant") for violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., arising from Defendant's failure to ensure that its e-commerce website, www.yisebeauty.com, is accessible to blind and visually impaired individuals.

## INTRODUCTION

      1.    Plaintiff CHRISTINE THOMAS is a legally blind resident of Bronx County, New York. As documented in a July 15, 2026, medical letter by Dr. Christopher R. Scheno, Plaintiff sustained severe bilateral ocular trauma at approximately age twelve, has complete and permanent loss of vision in her right eye, severely impaired residual vision in her left eye, and satisfies the criteria for legal blindness under applicable federal standards. Her visual limitations are permanent and substantially impair her ability to navigate digital interfaces or interpret online information without assistive technology.   Exhibit A

      2.    Because of her permanent vision loss, Plaintiff relies on screen-reading technology, magnification, and keyboard-based navigation to access websites, read product information, and attempt online transactions. When a website is properly coded, assistive technology can identify

product images, read labels, announce interactive controls, and allow blind consumers to shop independently. When a website is not properly coded, essential content is not conveyed in an accessible format, rendering the site inaccessible and unusable for blind users.

3. Defendant MSS BEAUTY, INC. d/b/a YISE BEAUTY owns, operates, and controls the commercial retail website www.yisebeauty.com, which markets and sells skincare and beauty products to consumers throughout the United States, including New York. The Website functions as an online retail store and digital gateway to Defendant's product catalog, promotional materials, and purchasing functions. Defendant is responsible for ensuring that the Website complies with federal, state, and local accessibility laws.

4. On multiple occasions in July 2026, Plaintiff visited www.yisebeauty.com with the intent to browse and purchase specific skincare products, including products associated with exfoliation, glowing skin, and brightening facial care, as reflected by the pages she attempted to access: "Exfoliation," "Shop Skincare for Glowing Skin," and "Vit C Serum + Hyaluronic Acid Bright & Even Skin." Plaintiff selected YISE BEAUTY because the Website marketed these products as skincare solutions aligned with her personal interests in exfoliating, brightening, and hydrating facial care, and because she sought to evaluate and potentially purchase those items for her own use. Her visits to the Website were motivated by a genuine desire to obtain these products and complete purchases she was unable to make due to the Website's accessibility barriers.

5. During each visit, Plaintiff encountered multiple accessibility barriers that prevented her from meaningfully browsing or purchasing merchandise. The WAVE reports for the exact pages she attempted to access reflect missing alternative text, empty links, empty buttons, missing or deficient form labels, low-contrast text, redundant or ambiguous linked images, and defective heading structures and ARIA-related issues. These conditions interfere with the ability of screen readers and keyboard users to identify products, understand page organization, perceive essential

information, and activate interactive controls. Exhibit B

6.      Automated accessibility audits confirm the barriers Plaintiff personally encountered. The WAVE report for the "Exfoliation" page identified numerous accessibility errors and alerts, including missing alternative text, linked images missing alt text, empty links, contrast failures, and structural defects. The WAVE report for the "Shop Skincare for Glowing Skin" page likewise identified recurring accessibility issues affecting comprehension and navigation. The WAVE report for the "Vit C Serum + Hyaluronic Acid Bright & Even Skin" product page similarly identified repeated accessibility defects, including missing alternative text, empty interactive elements, contrast failures, and structural problems that impede screen-reader use. These findings confirm that the Website's inaccessibility is systemic and pervasive, not isolated.

7.      Defendant's failure to design, maintain, and operate its Website in a manner accessible to blind and visually impaired consumers denies Plaintiff—and all similarly situated individuals—the full and equal enjoyment of Defendant's goods, services, privileges, and advantages, in violation of Title III of the ADA, the New York State Human Rights Law, the New York City Human Rights Law, and the New York State Civil Rights Law.

8.      Plaintiff seeks a permanent injunction requiring Defendant to remediate the Website's accessibility barriers, adopt accessibility policies and governance, and ensure that the Website is—and remains—fully accessible to blind and visually impaired consumers in substantial conformance with WCAG 2.1 Level AA.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188, as Plaintiff alleges violations of Title III of the Americans with Disabilities Act, a federal civil rights statute. Supplemental jurisdiction over Plaintiff's state and city law claims is proper under 28 U.S.C. § 1367.

10. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's claims under the New York State Human Rights Law, Article 15 Executive Law § 290 et seq. ("NYSHRL"), the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq. ("NYCHRL"), and the New York State Civil Rights Law, Article 4, §§ 40-c and 40-d ("NYCRL").

11. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff resides in Bronx County, accessed and attempted to use the Website from her home within this District, and suffered injury here. A substantial part of the discriminatory conduct giving rise to this action—including the denial of equal access to Defendant's online goods, services, and digital content—occurred within this District.

12. Defendant conducts substantial, continuous, and systematic business within this District by marketing, advertising, and selling skincare and beauty products to New York consumers through its highly interactive retail Website, www.yisebeauty.com. Defendant purposefully avails itself of the privilege of conducting business in New York by transmitting digital content and product information to consumers located in this District and by engaging in nationwide e-commerce directed at New York residents. Courts within this Circuit have held that such purposeful online commercial activity supports personal jurisdiction and venue in website accessibility cases.

13. Accordingly, jurisdiction and venue are proper in this District because Plaintiff resides here, accessed the Website from within this District, and suffered injury here.

## THE PARTIES

14. Plaintiff CHRISTINE THOMAS is a legally blind resident of Bronx County, New York. As documented in the July 15, 2026 medical letter from Dr. Scheno, Plaintiff has complete and permanent loss of vision in her right eye and severely compromised residual vision in her left eye. Because of her irreversible vision loss, Plaintiff relies on assistive technology, including screen-reading tools, magnification, and keyboard-based navigation, to access digital interfaces, read

product information, and attempt online transactions independently.

15.     Defendant MSS BEAUTY, INC. d/b/a YISE BEAUTY is a business entity that owns, operates, controls, and maintains the commercial retail website www.yisebeauty.com, which markets and sells skincare and beauty products to consumers nationwide, including residents of New York. The Website functions as a fully interactive online retail store and a primary channel through which Defendant advertises, promotes, and sells its merchandise.

16.     Defendant markets, advertises, and sells its products directly to New York consumers through its Website, transmits digital content to users located in this District, and maintains a highly interactive online platform that enables consumers to browse product categories, review product descriptions, access promotional content, and complete purchases. The Website includes detailed category and product pages—such as "Exfoliation," "Shop Skincare for Glowing Skin," and "Vit C Serum + Hyaluronic Acid Bright & Even Skin"—that present images, descriptions, and purchasing information to consumers nationwide. Defendant is responsible for ensuring that the Website is designed, coded, and maintained in a manner accessible to individuals who rely on screen-reading technology.

17.     At all relevant times, Defendant has continuously conducted business within the Southern District of New York by offering its goods and services to residents of this District through its Website and by repeatedly transmitting digital content and product information to consumers located here. Defendant's ongoing operation of a nationwide e-commerce platform directed at New York consumers constitutes continuous and systematic business activity within this District.

## **NATURE OF ACTION**

18.     This action arises under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq., challenging Defendant's operation of a public-facing website that denies blind and visually impaired individuals full and equal access. Plaintiff, a legally blind resident of this District,

attempted to access Defendant's website using assistive technology but encountered multiple access barriers that prevented meaningful engagement with its services. Defendant's failure to design and maintain its website in accordance with the Web Content Accessibility Guidelines ("WCAG") 2.1 constitutes unlawful discrimination.

19.    The Internet has become a vital source of information and a primary tool for conducting everyday activities such as shopping, learning, banking, researching, and communicating—for sighted, blind, and visually impaired individuals alike.

20.    In today's digital environment, blind and visually impaired individuals access websites using keyboards in conjunction with screen access software that vocalizes visual content or displays it on a refreshable Braille device. Unless websites are properly coded to interface with screen-reading software and related assistive technologies, blind and visually impaired users are unable to fully access the information, products, and services offered online.

21.    The World Wide Web Consortium ("W3C") has published the Web Content Accessibility Guidelines ("WCAG") 2.0 and 2.1, which establish internationally recognized standards for digital accessibility. These guidelines are widely adopted by private entities and government agencies and have been recognized by courts as an appropriate benchmark for ADA compliance.

22.    Non-compliant websites pose recurring barriers to blind and visually impaired users. Common violations include missing text equivalents for non-text elements, inaccessible forms and input fields, links lacking descriptive context, improper headings, non-unique IDs, ARIA misuse, inaccessible PDFs, and user-interface elements whose roles and states cannot be programmatically determined by assistive technology.

### STATEMENT OF FACTS

23.    Plaintiff CHRISTINE THOMAS is a legally blind consumer residing in Bronx

County, New York. As documented in a July 15, 2026 medical letter by Dr. Christopher R. Scheno, Plaintiff has complete and permanent loss of vision in her right eye, severely impaired residual vision in her left eye, and a permanent bilateral ocular disability that materially limits the major life activity of sight. Because of this permanent impairment, Plaintiff depends on assistive technology, including screen-reading tools, magnification, and keyboard-based navigation, to access digital interfaces, read product information, and complete online transactions independently.

24.    Plaintiff's visual impairment is permanent, non-reversible, and lifelong. Her remaining functional vision is insufficient to permit reliable independent use of standard visual website interfaces, visual interpretation of product imagery, or efficient navigation of poorly coded commercial websites. As a result, Plaintiff depends on properly coded, assistive-technology-compatible websites to shop independently, evaluate products, and access online information on equal terms with sighted consumers.

25.    In July 2026, Plaintiff became interested in purchasing several skincare products from YISE BEAUTY, including products presented through Defendant's "Exfoliation" page, "Shop Skincare for Glowing Skin" collection page, and "Vit C Serum + Hyaluronic Acid Bright & Even Skin" product page. Plaintiff selected YISE BEAUTY because the Website promoted products related to exfoliation, glow, brightening, and hydration, which aligned with Plaintiff's personal skincare interests. Her interest in these products motivated her to visit www.yisebeauty.com to explore, compare, and potentially purchase them.

26.    On multiple occasions—including July 13, 2026, July 19, 2026, and July 22, 2026—Plaintiff visited www.yisebeauty.com from her home in Bronx County with the intent to browse categories, review product details, compare skincare options, and determine whether to purchase the above-referenced products. During these visits, Plaintiff attempted to access the specific pages reflected in the WAVE reports: "Exfoliation," "Shop Skincare for Glowing Skin," and "Vit C Serum

+ Hyaluronic Acid Bright & Even Skin." These pages were selected because they matched the product types and skincare characteristics Plaintiff was seeking.

27.    Despite her clear intent to shop, Plaintiff was unable to meaningfully navigate or interact with Defendant's Website due to pervasive accessibility barriers. The Website failed to provide accessible equivalents for important visual and interactive content, and its structure interfered with assistive-technology use. Specifically, Plaintiff encountered inaccessible product imagery and linked images lacking equivalent text, empty links and empty buttons announced without context, low-contrast text that impaired residual visual use, missing or inadequate labels for interactive controls, and defective heading structures and ARIA-related issues that undermined page comprehension and navigation. These barriers were not hypothetical; they appeared on the exact pages Plaintiff attempted to access and prevented her from independently evaluating and purchasing products.

28.    The WAVE reports corroborate the barriers Plaintiff personally encountered. The "Exfoliation" report identified missing alternative text, linked images missing alt text, empty links, contrast errors, and structural alerts. The "Shop Skincare for Glowing Skin" report similarly identified repeated accessibility defects impairing navigation and comprehension on that collection page. The "Vit C Serum + Hyaluronic Acid Bright & Even Skin" report identified recurring accessibility errors and alerts, including missing alternative text, empty interactive elements, contrast failures, and structural problems. These findings confirm that the barriers Plaintiff encountered are real, repeatable, and systemic.

29.    As a direct result of these barriers, Plaintiff was unable to browse products efficiently, understand the full content and structure of the pages she visited, compare skincare offerings on equal terms, identify essential product information with confidence, or complete a purchase independently. Her exclusion was real, repeatable, and directly caused by Defendant's

failure to implement industry-standard accessibility practices.

30.    Defendant's Website is not a passive marketing tool. It is a fully interactive retail platform central to Defendant's business model, offering product listings, category navigation, descriptive content, promotional materials, and purchasing functionality. Defendant relies on www.yisebeauty.com to market and distribute its products nationwide, including to consumers in New York.

31.    On information and belief, Defendant has operated www.yisebeauty.com without implementing adequate WCAG-compliant accessibility protocols. Despite longstanding federal guidance and the widespread availability of automated testing tools, Defendant has failed to remediate the barriers identified in this action. The same categories of accessibility defects persist across the specific pages Plaintiff attempted to use, reflecting a systemic disregard for blind and visually impaired users.

32.    Plaintiff's intent to return to www.yisebeauty.com is concrete, credible, and ongoing. Her interest is not abstract or generalized; it is tied to specific product categories and a specific product page she already attempted to access, specific attempted transactions, and specific functional needs arising from her blindness.

33.    Plaintiff continues to seek skincare products associated with exfoliation, brightening, and hydration, including the products and category offerings presented through Defendant's "Exfoliation," "Shop Skincare for Glowing Skin," and "Vit C Serum + Hyaluronic Acid Bright & Even Skin" pages. The "Vit C Serum + Hyaluronic Acid Bright & Even Skin" page remains of particular interest because it appears to offer a product marketed for brightening and hydration, and the category pages remain important because they aggregate related offerings Plaintiff wishes to compare before making a purchase. Plaintiff intends to return to these pages to complete her evaluation and potential purchase once the Website is accessible.

34.     Plaintiff's need for accessible online shopping is permanent and ongoing. Because of her severe visual impairment, Plaintiff cannot rely on standard visual website interfaces and depends on accessible e-commerce platforms to evaluate products, compare attributes, and make independent purchasing decisions. Defendant's Website offers its own branded product information and category structure, making it a meaningful and direct channel through which Plaintiff seeks to access the full range of YISE BEAUTY merchandise.

35.     Plaintiff's prior attempts to shop on the Website were genuine and purposeful, motivated by her desire to review skincare options related to exfoliation, glow, brightening, and hydration and to determine whether to purchase them. She attempted to review product information and navigate the relevant pages, but was prevented from doing so by the Website's accessibility barriers. Her inability to complete those transactions does not diminish her interest; it reinforces her motivation to return once the barriers are removed.

36.     Plaintiff's intent to return is not speculative. It is grounded in her prior visits, the particular pages and product categories she attempted to access, her ongoing interest in the skincare products promoted there, her permanent reliance on accessible online shopping, and the fact that Defendant's Website is the direct source of information and sales access for the YISE BEAUTY products she seeks.

## CLASS ACTION ALLEGATIONS

37.     Plaintiff CHRISTINE THOMAS brings this action on behalf of herself and all others similarly situated, seeking certification of a nationwide class under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals in the United States who have attempted to access www.yisebeauty.com and were denied equal access to its digital content, product information, and online purchasing functions due to persistent accessibility barriers during the relevant statutory period.

38.     Plaintiff also seeks certification of a New York Subclass under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals residing in the State of New York who have attempted to access www.yisebeauty.com and were similarly denied equal access to its offerings due to the same systemic accessibility barriers.

39.     Common questions of law and fact exist among the Class, including but not limited to: whether www.yisebeauty.com qualifies as a public accommodation or a service of a place of public accommodation under Title III of the ADA; whether the Website's persistent accessibility barriers violate the ADA by denying blind users full and equal access to Defendant's products, services, and digital content; whether the same barriers violate the NYCHRL, NYCRL, and NYSHRL by excluding blind users from meaningful participation in the digital marketplace; whether Defendant failed to adopt or implement accessibility policies, testing protocols, or WCAG-compliant design standards; and whether injunctive relief is necessary to ensure ongoing compliance with accessibility requirements.

40.     Plaintiff's claims are typical of the Class. Like other blind individuals, she relies on assistive technology and keyboard navigation to access online platforms. She encountered the same systemic barriers—non-equivalent images, inaccessible interactive elements, defective structure, and unreadable content—that affect all Class members.

41.     Plaintiff will fairly and adequately represent the interests of the Class. She has retained counsel experienced in disability rights and complex class action litigation. Plaintiff has no interests antagonistic to those of the Class and seeks injunctive and declaratory relief applicable to all members.

42.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or failed to act on grounds generally applicable to the Class, warranting injunctive relief to remediate the Website's accessibility barriers.

43.     Alternatively, certification is appropriate under Fed. R. Civ. P. 23(b)(3) because common questions of law and fact predominate over individual issues, and a class action is the most efficient and fair method for adjudicating these claims.

44.     Maintaining this action as a class proceeding will promote judicial economy by avoiding duplicative litigation and ensuring uniform relief for a class likely to include numerous blind individuals who have attempted to use Defendant's Website and faced exclusion due to its inaccessibility.

## FIRST CAUSE OF ACTION
### Violations of the ADA, 42 U.S.C. § 12182 et seq.

45.     Plaintiff CHRISTINE THOMAS, on behalf of herself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

46.     Section 302(a) of Title III of the ADA, 42 U.S.C. § 12182(a), provides that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or operates a place of public accommodation.

47.     Defendant's Website, www.yisebeauty.com, is a service offered to the general public and a digital gateway through which Defendant offers goods, services, privileges, and advantages to consumers. As such, the Website must be equally accessible to blind and visually impaired individuals.

48.     Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the products, services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i).

49.     Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination includes a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless doing so would fundamentally alter the nature of the offering or result in an undue burden. 42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).

50.     The acts alleged herein constitute violations of Title III of the ADA and the regulations promulgated thereunder. Plaintiff is a member of a protected class under the ADA and has a physical disability that substantially limits the major life activity of sight. Plaintiff has been denied full and equal access to the Website, has not been provided services that are provided to other patrons who are not disabled, and has been provided services inferior to those provided to non-disabled persons. Defendant has failed to take prompt and equitable steps to remedy the discriminatory conduct, and the violations are ongoing.

51.     Under 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff requests relief as set forth within the Prayer for Relief below.

## SECOND CAUSE OF ACTION
### Violations of the New York State Human Rights Law ("NYSHRL")

52.     Plaintiff CHRISTINE THOMAS, on behalf of herself and the Class and New York Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

53.     At all times relevant to this action, the NYSHRL, Article 15 of the New York Executive Law § 290 et seq., covers Defendant's actions.

54. Plaintiff, at all times relevant to this action, as a result of her loss of vision, has a substantial impairment to a major life activity and is an individual with a disability under Article 15 of N.Y. Executive Law § 292(21).

55. Defendant, at all relevant times, owns and operates a place of public accommodation, the subject Website, www.yisebeauty.com, within the meaning of Article 15 of N.Y. Executive Law § 292(9). Defendant is a person within the meaning of Article 15 of N.Y. Executive Law § 292(1).

56. Plaintiff has visited the Website on a number of occasions and has encountered barriers to her access that exist thereon.

57. Under N.Y. Executive Law § 296(2)(a), it is an unlawful discriminatory practice for any owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public accommodation, because of the disability of any person, directly or indirectly, to refuse, withhold from, or deny to such person any of the accommodations, advantages, facilities, or privileges thereof.

58. Discrimination includes the refusal to adopt and implement reasonable modifications in policies, practices, or procedures when necessary to afford facilities, privileges, advantages, or accommodations to individuals with disabilities.

59. Defendant's actions violate N.Y. Executive Law § 296 by discriminating against Plaintiff and the Subclass by owning and operating a Website that is inaccessible to disabled individuals who are sight-impaired and cannot discern the content thereof without the use of assistive technology; by not removing access barriers to its Website; and by refusing to modify the Website when such modifications are necessary to afford facilities, privileges, advantages, or accommodations to individuals with disabilities.

60.     Defendant's discriminatory practice also includes a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless Defendant can demonstrate undue burden or fundamental alteration.

61.     Established guidelines exist for making websites accessible to disabled individuals, including WCAG 2.1. These guidelines are widely used to ensure websites are accessible to blind and visually impaired people.

62.     Defendant has intentionally and willfully discriminated against Plaintiff and the Subclass in violation of the NYSHRL, and the discrimination continues to date.

63.     Absent injunctive relief, Defendant's discrimination will continue against Plaintiff and the Subclass, causing irreparable harm.

64.     Plaintiff and the Subclass are therefore entitled to compensatory damages, civil penalties, fines, and reasonable attorneys' fees and costs as provided by law.

## THIRD CAUSE OF ACTION
### Violation of the New York State Civil Rights Law ("NYCRL")

65.     Plaintiff CHRISTINE THOMAS, on behalf of herself and the New York Subclass Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

66.     Plaintiff served or will serve notice upon the New York State Attorney General as required by N.Y. Civil Rights Law § 41.

67.     Persons within New York State are entitled to full and equal accommodations, advantages, facilities, and privileges of places of public accommodation, subject only to lawful conditions and limitations established alike to all persons. N.Y. Civ. Rights Law § 40.

68.     No person because of disability, as defined in N.Y. Executive Law § 292(21), shall be subjected to discrimination in civil rights by any person, firm, corporation, or institution. N.Y. Civ. Rights Law § 40-c.

69.     Plaintiff is disabled under the New York Civil Rights Law by reason of her permanent visual impairment.

70.     Defendant discriminates against Plaintiff and the Subclass under NYCRL § 40 because Defendant's Website does not provide full and equal accommodation, advantages, facilities, and privileges to disabled individuals who are sight impaired.

71.     Defendant intentionally and willfully failed to remove the barriers on its Website, discriminating against Plaintiff and the Subclass and preventing access in violation of NYCRL § 40.

72.     Defendant has failed to take steps to halt and correct its discriminatory conduct and continues to discriminate against Plaintiff and the Subclass members.

73.     Under N.Y. Civil Rights Law § 41, Plaintiff and the Subclass seek statutory damages and other relief permitted by law.

**FOURTH CAUSE OF ACTION**
**Violations of the New York City Human Rights Law ("NYCHRL")**

74.     Plaintiff CHRISTINE THOMAS, on behalf of herself and the New York City Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

75.     N.Y.C. Administrative Code § 8-107(4)(a) provides that it is an unlawful discriminatory practice for any person who is the owner, lessor, lessee, proprietor, manager, superintendent, agent, or employee of any place or provider of public accommodation, because of any person's disability, directly or indirectly to refuse, withhold from, or deny to such person the

full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, services, facilities, or privileges of the place or provider of public accommodation.

76.     Defendant is subject to the NYCHRL because it owns and operates the Website, www.yisebeauty.com, making it a person within the meaning of N.Y.C. Admin. Code § 8-102(1).

77.     Defendant violates N.Y.C. Administrative Code § 8-107(4)(a) by refusing to update or remove access barriers to Defendant's Website, causing the Website and the services integrated therein to be inaccessible to blind individuals. This inaccessibility denies blind patrons full and equal access to the facilities, products, and services that Defendant makes available to the non-disabled public.

78.     Defendant is required to make reasonable accommodation to the needs of persons with disabilities.

79.     Defendant's actions constitute willful intentional discrimination against the Sub-Class based on disability in that Defendant has constructed and maintained a Website that is inaccessible to blind class members and failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

80.     Defendant has failed to take any prompt and equitable steps to remedy the discriminatory conduct, and these violations are ongoing.

81.     Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the Class will continue to suffer irreparable harm.

82.     Plaintiff is entitled to compensatory damages, civil penalties, fines, punitive damages, and reasonable attorneys' fees and costs to the extent permitted by law.

## FIFTH CAUSE OF ACTION
### Declaratory Relief

83.    Plaintiff CHRISTINE THOMAS, on behalf of herself and the Class and New York City Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

84.    An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that the Website contains access barriers denying blind customers full and equal access to the products, services, and facilities of the Website, which Defendant owns, operates, and controls, and fails to comply with applicable laws including Title III of the ADA and New York anti-discrimination law.

85.    A judicial declaration is necessary and appropriate at this time so that each of the parties may know its respective rights and duties and act accordingly.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

- A preliminary and permanent injunction prohibiting Defendant from violating the ADA and the laws of New York;

- A preliminary and permanent injunction requiring Defendant to take all steps necessary to make the Website fully compliant with the ADA and its implementing regulations so that the Website is readily accessible to and usable by blind individuals;

- A declaration that Defendant owns, maintains, and/or operates the Website in a manner that discriminates against the blind and fails to provide access for persons with disabilities as required by law;

- An order certifying the Class and Sub-Classes under Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3), appointing Plaintiff as Class Representative, and appointing Plaintiff's attorneys as Class Counsel;

- Compensatory damages in an amount to be determined by proof, including all applicable statutory and punitive damages, penalties, and fines, to Plaintiff and the proposed class and subclasses for violations of civil rights under New York law;

- Pre-judgment and post-judgment interest;

- An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

- Such other and further relief as this Court deems just and proper.

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact this Complaint raises.

Dated: New York, New York
　　　　July 28,2026

Respectfully submitted,
JOSEPH & NORINSBERG LLC
*/s/ Robert Schonfeld*
Robert L. Schonfeld, Esq.
Attorneys for Plaintiff
825 Third Avenue, Suite 2100
New York, New York 10022
Tel. No. (212) 227-5700
rschonfeld@employeejustice.com